**James F. DEMPSEY,**
**Plaintiff-Appellant,**

v.

**PACIFIC BELL COMPANY, et al.,**
**Defendants-Appellees.**

**No. 85–2052.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 1986.[*]

Decided May 23, 1986.

James F. Dempsey, in pro. per.

Ronald McClain, San Francisco, Cal., for defendants-appellees.

Before PREGERSON, NELSON and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge:

James F. Dempsey appeals from an adverse grant of summary judgment in his civil action against Pacific Bell under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. The district court granted summary judgment on the ground that Dempsey could not show that Pacific Bell's articulated reason for Dempsey's demotion was a pretext for discrimination. Because Dempsey filed his complaint in the district court within sixty days from filing his age discrimination charges, we conclude that the district court lacked jurisdiction. Accordingly, we vacate the district court's judgment and dismiss Dempsey's claim. But, since equitable tolling factors may exist in this case, we direct the district court, in the event Dempsey should refile his complaint within the time period hereafter specified, to evaluate those factors in making a determination of

---

[*] The panel unanimously finds this case suitable for disposition without oral argument. Fed.R. App.P. 34(a); 9th Cir.R. 3(f).

whether the statutes of limitation of 29 U.S.C. §§ 626(d) and (e) should be tolled.

## FACTS

Dempsey is fifty-five years old and worked for Pacific Bell for forty years, the last twenty years in management positions. In 1978, 1979 and 1982 Dempsey received merit awards for his job performance. In 1982 and 1983 he refused early retirement offers from Pacific Bell. In March 1984 Dempsey was told that his job performance was unsatisfactory and his annual pay raise was being withheld. After more performance reviews, Dempsey was informed in April of 1984 that he was demoted from management due to his unsatisfactory job performance. After his demotion, Dempsey filed age discrimination charges with the Equal Employment Opportunity Commission (EEOC) and with the California Department of Fair Employment and Housing (DFEH). The California agency referred the matter to the EEOC. Dempsey filed his civil action in the district court before sixty days had expired following the filing of his age discrimination charges with the EEOC and the DFEH.

## ANALYSIS

A civil action under the ADEA may not be commenced until at least sixty days after the filing of age discrimination charges with the EEOC and with an appropriate state agency. 29 U.S.C. §§ 626(d), 633(b). The state and federal charges may be filed simultaneously. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979). The state filing requirement is mandatory but not jurisdictional. *Id.* at 764–65, 99 S.Ct. at 2075–76.

Several circuits have held that the sixty-day EEOC conciliation period is jurisdictional. *Vance v. Whirlpool Corp.*, 707 F.2d 483, 489 (4th Cir.1983), *supp. op.*, 716 F.2d 1010 (1983), *cert. denied*, 465 U.S.

1012, 104 S.Ct. 1600, 80 L.Ed.2d 130 & 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 873 (1984); *accord, Wright v. Tennessee*, 628 F.2d 949, 953 (6th Cir.1980) (en banc); *see Reich v. Dow Badische Co.*, 575 F.2d 363, 367 (2d Cir.), *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *see also Cannon v. University of Chicago*, 559 F.2d 1063, 1077 (7th Cir.1976) (court stated in dictum that the conciliation period is jurisdictional), *reversed in part and remanded on other grounds*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). This court, however, has not yet ruled on that question.[1]

■ Two purposes of the conciliation period are furthered by a holding that it is jurisdictional. First, strict enforcement of the conciliation period allows the EEOC time to investigate and conciliate the alleged violation before litigation begins. *See Reich*, 575 F.2d at 368; H.R.Conf.Rep. No. 950, 95th Cong., 2d Sess. 12, *reprinted in* 1978 U.S.Code Cong. & Ad.News 504, 528, 534. The conciliation period also allows the EEOC time to file its own suit and thereby supersede the right to a private cause of action. 29 U.S.C. § 626(c); *see also Burns v. Equitable Life Assurance Society*, 696 F.2d 21, 24 (2d Cir.1982), *cert. denied*, 464 U.S. 933, 104 S.Ct. 336, 78 L.Ed.2d 306 (1983) (holding that section 626(c) bars only subsequent private actions and not private actions filed before an EEOC suit). Second, the conciliation period provides employers with notice of the action, thereby affording the employer a pre-litigation opportunity to settle the dispute. 29 C.F.R. § 1626.11 (requiring the EEOC, upon receipt of an ADEA charge, promptly to notify the respondent). Moreover, the sparse legislative history of section 626(d) states that a plaintiff "must" give sixty days notice before filing suit. H.R.Rep. No. 805, 90th Cong., 2d Sess. 10 (1967),

---

1. In *Hageman v. Philips Roxane Laboratories, Inc.*, 623 F.2d 1381 (9th Cir.1980), this court addressed the issue of whether a particular filing was adequate, and indicated in dictum that the filing requirements might be subject to "equitable modificaiton." *Id.* at 1385–86.

The *Hageman* action arose prior to the 1978 amendments to the ADEA. Those amendments substituted the EEOC for the Secretary of Labor, and substituted the filing of a "charge" with the EEOC as the prerequisite to a suit in place of a formal intent to sue notice (as required in Title VII actions).

*reprinted in* 1967 U.S.Code Cong. & Ad. News 2213, 2223.

 We recognize that a strict jurisdictional bar could adversely affect plaintiffs, particularly those proceeding *pro se,* by barring those who discover their jurisdictional error after the 180–day or 300–day statutes of limitation of 29 U.S.C. § 626(d)(1)–(2) expire. This court has ruled, however, that these statutes of limitation are subject to equitable tolling. *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir.1981). Thus, if a plaintiff's jurisdiction error was the result of excusable ignorance and defendant was not prejudiced by that error, the statutes of limitation could be tolled. *Id.*

Equitable factors to be considered in this case would be the lack of clear precedent in this circuit regarding the jurisdictional requirements pertaining to Dempsey's claim at the time he filed his complaint, and the apparent absence of any prejudice to Pacific Bell. *See Vance,* 707 F.2d at 489–90 (although statute of limitations is jurisdictional, plaintiff permitted to refile his complaint because there was no clear precedent on the issue; statute of limitations effectively tolled). The task of evaluating these, and any other equitable factors, should be performed in the first instance by the district court. *See Naton,* 649 F.2d at 696.

## CONCLUSION

We conclude that the sixty-day waiting period of section 626(d) is jurisdictional, but that the statutes of limitation of 29 U.S.C. §§ 626(d) and (e) may be equitably tolled in an appropriate case. We decline to weigh and decide at the appellate level the equitable factors present here. Accordingly, the judgment of the district court is vacated and Dempsey's claim is dismissed. In the event Dempsey refiles his complaint, the district court will then have the task of evaluating any applicable equitable factors to determine whether the statutes of limitation of 29 U.S.C. §§ 626(d) and (e) should be tolled.

Any complaint refiled by Dempsey must be filed within ninety days from and after the filing date of this opinion.