Allen O. TUSTING, et al., Plaintiffs,

v.

BAY VIEW FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.

No. C–89–1860 FMS.

United States District Court,
N.D. California.

Feb. 26, 1991.

David H. Fielding, Bushnell, Caplan & Fielding, San Francisco, Cal., for plaintiffs.

Robert J. Flax, General Counsel, Bay View Federal Sav. & Loan, San Mateo, Cal., William A. Helvestine, Benjamin P. Klatsky, Epstein, Becker, Stromberg & Green, San Francisco, Cal., for defendant.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ADEA CLAIM

FERN M. SMITH, District Judge.

Defendant Bay View Federal Savings and Loan ("Bay View") has moved for summary judgment on plaintiffs' ADEA[1]

---

1. Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 621 et seq.

claim, arguing that the claim is barred by the statute of limitations. For the reasons set forth in this Order, the motion is DE-NIED.

## BACKGROUND

Plaintiffs, former employees of Bay View, timely filed a complaint under ERISA[2] on May 30, 1989. They sought recovery on the grounds that certain changes in the health insurance benefit plan for Bay View employees violated ERISA.

Bay View announced its change in benefits in a memorandum dated December 15, 1988. Under the modified plan, health insurance premiums for Bay View employees who retired after December 31, 1989 would no longer be paid in full. Employees who were otherwise eligible for retirement, however, could retire before December 31, 1989 and thereby have their benefits paid in full after retirement. Plaintiffs retired on December 31, 1989, having had over a year to consider their options.

Plaintiffs' age-discrimination claim surfaced in March 1990 when plaintiffs filed an age discrimination complaint with the Equal Employment Opportunity Commission. The EEOC claim was filed more than 300 days after Bay View announced its change in policy. *See* 29 U.S.C.A. § 626(d) (300 days to file with EEOC). Plaintiffs then sought leave to amend their complaint in this action and add the ADEA claim.

In its Order of September 15, 1990, the Court denied leave to amend various pendent state claims because they were preempted by ERISA, but it granted leave to amend the ADEA claims. The Court noted that the ADEA claim might be barred by the statute of limitations, depending on how the change in Bay View's retirement claim was characterized. *See Lorance v. AT & T Technologies, Inc.,* 490 U.S. 900, 912, 109 S.Ct. 2261, 2269, 104 L.Ed.2d 961 (1989) (distinguishing between facially neutral and facially discriminatory policies).

## DISCUSSION

Upon further consideration, the Court finds that the missed EEOC deadline presents a pure question of law: does plaintiffs' failure to file on time with the EEOC bar them from adding an ADEA claim to their ERISA claim? The Court concludes that it does not.

■ As a threshold matter, the Court notes that compliance with the EEOC deadline is not a jurisdictional prerequisite to suit. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982). The Supreme Court explained in *Zipes,* "By holding compliance with the [EEOC] filing period to be not a jurisdictional requirement to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires, we honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing deadline, to give prompt notice to the employer." *Id. Zipes* applies here because the filing requirements of ADEA claims are substantially similar to Title VII claims. *Id.,* 455 U.S. at 395 n. 11, 102 S.Ct. at 1133 n. 11. The missed EEOC deadline thus does not present a jurisdictional bar.

■ The current procedural posture of the case is simply a straightforward attempt to add a claim that would otherwise be time-barred for failure to comply with the EEOC deadline. Having brought suit on an ERISA theory, the question now is whether plaintiffs can seek relief under an age discrimination theory as well.

Rule 15(c) of the Federal Rules of Civil Procedure provides, "Whenever the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading, *the amendment relates back to the date of the original pleading.*" Fed.R.Civ.Pro. 15(c) (emphasis added). The leading treatise explains, "The fact that an amendment changes the legal theory upon which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and

**2.** Employee Retirement Income Security Act, 29 U.S.C.A. § 1001, et seq.

has been brought to defendant's attention by the original pleading." 6A C. Wright & A. Miller, *Federal Practice and Procedure* § 1497 at 94–95.

Defendant has not cited the Court to any cases barring the relation back of a Title VII or ADEA claim when the plaintiff has initially decided to proceed on an alternative theory. *Hageman v. Philips Roxane Labs., Inc.,* 623 F.2d 1381 (9th Cir.1980) involved a single ADEA claim, not an attempt to add an ADEA claim to a timely-filed ERISA claim, and thus sheds no light on the issue here. The closest analogue the Court has found is *Anderson v. Montgomery Ward & Co.,* 852 F.2d 1008 (7th Cir.1988), a case neither party cited. In that case, the Seventh Circuit allowed seven former employees to amend their complaint to plead a representative ADEA action, even though they had missed the EEOC charge deadline, because other similarly situated former employees had timely filed EEOC charges.

> All of the [plaintiffs] have been parties to this litigation for several years. The defendants have deposed many of the appellees; they have known about their claims; and they have actively defended against their allegations. We cannot say that the district court erred when it allowed the appellees to amend their complaint to plead a representative action. [Citations.]

*Id.,* 852 F.2d at 1018. In *Tusting,* it is undisputed that the new ADEA claim arises out of the same event as the prior, timely ERISA claim—Bay View's change to its health benefit plan. The ERISA claim and the ADEA claim share a common core of operative facts; the only difference is the legal theories upon which plaintiffs rely. Bay View has had ample notice that its conduct surrounding the change in its health benefit plans is alleged to be wrongful. Like the employer in *Anderson v. Montgomery Ward,* Bay View has known of the lawsuit, known of the parties, and known of the events that allegedly entitle plaintiffs to relief. On these facts, the Court perceives no basis for allowing Bay View to take advantage of a nonjurisdictional procedural bar to a decision on the merits of the ADEA claim.

At oral argument on the motion, Bay View contended that it would be prejudiced if the Court allowed the adding of the ADEA claim, because it would then be deprived of the conciliation process that the EEOC provides. Other avenues of conciliation are available. The Court assures Bay View that it would gladly arrange a mediation conference with a Judge of this Court, with a Magistrate Judge, or with a professional arbitration service, if the parties request it.

In short, Bay View is not seriously prejudiced by the Court's giving plaintiffs an opportunity to litigate their age discrimination claim on the merits. *See* Wright & Miller, *supra,* at 93–94. Even though the ADEA claim "states an entirely new claim for relief," it satisfies Rule 15(c)'s "conduct, transaction or occurrence" test and therefore relates back. *See id.* at 99. This decision comports with the holding in *Zipes* and the underlying policies of the Federal Rules favoring decisions on the merits. The purpose of the EEOC filing requirement is "to give prompt notice to the employer, *Zipes,* 455 U.S. at 398, 102 S.Ct. at 1135, and Bay View was on notice that its policy changes had engendered a lawsuit when plaintiffs brought the ERISA action. It does not serve the interests of justice to prevent plaintiffs from proceeding on another theory as well.

This ruling makes it unnecessary to consider plaintiffs' equitable tolling and estoppel arguments.

### CONCLUSION

The ADEA claim relates back to the date of the filing of the ERISA claim. It is not time-barred. In making this ruling, of course, the Court expresses no view on the underlying merits of that claim.

*Scheduling.*

The Court hereby sets a status conference in this matter for Monday, July 8, 1991, at 2:30 p.m.

IT IS SO ORDERED.