Marvin E. MARK, Jr., Petitioner—
Appellant,

v.

G.A. MUELLER, Warden,
Respondent—
Appellee.

No. 00–16321.

D.C. No. C 99–20246–JW (PR).*

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.**

Decided Dec. 5, 2002.

---

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM

California state prisoner Marvin E. Mark, Jr. appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm in part and vacate and remand in part.

Mark's conviction became final on February 24, 1997. *See Mark v. California*, 519 U.S. 1152, 117 S.Ct. 1089, 137 L.Ed.2d 223 (1997). His state habeas petition was pending from September 23, 1997, *see Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir.2002) (applying the prison mailbox rule to state court filings), to April 24, 1998, *see* Cal. R. of Court 24(a); *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001) (per curiam), and he is entitled to statutory tolling for this 214–day period. *See* 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8–10, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000); *Dictado v. Ducharme*, 244 F.3d 724, 726–27 (9th Cir.2001). Adding 214 days to Mark's original filing deadline of February 24, 1998, *see Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001), produces a new deadline of September 26, 1998. September 26 was a Saturday, so a petition would have been timely if filed September 28, 1998. *See* Fed. R.Civ.P. 6(a). Mark's petition, filed on March 23, 1999, thus was, at most, 176 days late.[1]

---

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. On appeal, Mark asserts that he gave his petition to the guards for mailing on March 16, 1999. Because the record contains some

Mark contends that his petition should be heard on the merits notwithstanding its lateness because he is actually innocent of the underlying crime. We find this contention unpersuasive. Even if (1) the actual innocence gateway can override the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub.L. No. 104–132, 110 Stat. 1214, 28 U.S.C. § 2241(d)(1), *see Majoy v. Roe*, 296 F.3d 770, 776–77 (9th Cir. 2002) (declining to decide the issue), and (2) an actual innocence claim can be brought without newly presented evidence, *see Bousley v. United States*, 523 U.S. 614, 622–23, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), Mark's claim of actual innocence fails. Setting aside the evidence that Mark claims was improperly admitted, the remaining evidence was strong enough that the admission of the evidence at issue, even if erroneous, "does not ... fundamentally call into question the reliability of [Mark]'s conviction." *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir.2002) (en banc).

Because Mark did not present his claim for equitable tolling on account of prison library closures below, we decline to address it. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001). Mark's contention that he is entitled to equitable tolling due to prison lockdowns and institutional transfers is unpersuasive because his brief mention of these grounds below did not convey to the district court when these alleged impediments occurred or how long they lasted. *See Duncan*, 297 F.3d at 814–15 (noting that a petitioner aware of a statute-of-limitations problem bears the burden of alleging facts to justify tolling).[2]

However, Mark's claim to equitable tolling on account of the prison library's lack of AEDPA materials may have merit. After the district court ruled, we held that a lack of access to AEDPA materials could be the basis of equitable tolling. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam). In addition, Mark's claim to equitable tolling because of his reliance on a case that misstated when AEDPA's statute of limitations begins to run, an argument not addressed by the court below, also may have merit. *See Dempsey v. Pac. Bell Co.*, 789 F.2d 1451, 1453 (9th Cir.1986) (stating that "the lack of clear precedent in this circuit" was a factor relevant to equitable tolling). We therefore vacate the district court's ruling with respect to these claims and remand for the district court to determine whether, and to what extent, Mark is entitled to equitable tolling due to a lack of AEDPA materials, reliance on *Ashmus v. Calderon*, 977 F.Supp. 987, 992 (N.D.Cal. 1997), or both. On remand, the district court is free to determine what, if any, additional steps should be taken to develop the record.

**AFFIRMED in part; VACATED AND REMANDED in part.**

evidence to support this claim but no sworn statement from Mark, we leave it to the district court on remand to determine whether the prison mailbox rule applies.

**2.** On appeal, Mark argues that these facts also constitute State-created "impediment[s]" un-

der 28 U.S.C. § 2244(d)(1)(B). We do not consider the facts under this legal theory because it was not included in the certificate of appealability, *see Hiivala v. Wood*, 195 F.3d 1098, 1102–03 (9th Cir.1999) (per curiam), and was not raised below, *see Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).