Rudy **EIDENBOCK**; et al., Plaintiffs–Appellants,

v.

**CHARLES SCHWAB & CO., INC.,** Defendant–Appellee.

No. 06–17040.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2008.

Filed June 24, 2008.

Robert M. Gregory, Law Office of Robert M. Gregory, P.C., Mesa, AZ, Francis

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**550**

G. Fanning, Tempe, AZ, for Plaintiffs–Appellants.

Rudy Eidenbock, pro se.

Karen Gillen, Joseph T. Clees, Ogletree Deakins Nash Smoak & Stewart PC, Phoenix, AZ, for Defendant–Appellee.

Before: SCHROEDER and LEAVY, Circuit Judges, and FAIRBANK,* District Judge.

MEMORANDUM **

Plaintiffs Rudy Eidenbock, Mark Freese, Joyce Walther, Marna Bennett, Paul Warg, and Brian Kearney filed suit against Defendant Charles Schwab & Co., Inc. under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* and Title VII, 42 U.S.C. § 2000e *et seq.* The district court dismissed all the claims brought by Eidenbock, Freese, and Kearney because they did not file their Equal Employment Opportunity Commission ("EEOC") charges within 300 days of the last allegedly discriminatory act. The district court dismissed the non-retaliation claims brought by Warg, Bennett, and Walther because they did not file suit within 90 days of receiving their right-to-sue notices. On appeal, Plaintiffs do not dispute these factual determinations, but raise legal and equitable contentions regarding ADEA's time scheme for filing claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order granting a motion to dismiss, *see Sacks v. Office of Foreign Assets Control,*

466 F.3d 764, 770 (9th Cir.2006), and we affirm.

On appeal Plaintiffs contend that the right-to-sue letters issued to Warg, Bennett and Walther were ineffective to trigger the 90–day limitation period because the EEOC did not wait 60 days after the charges were filed before issuing the right-to-sue letters. The 60–day conciliation period, however, is the period during which a claimant may not file suit. It has the purpose of promoting conciliation between employer and employee. *See* 29 U.S.C. § 626(d); *see also Dempsey v. Pac. Bell Co.,* 789 F.2d 1451, 1452 (9th Cir.1986) (explaining that "the conciliation period ... afford[s] the employer a pre-litigation opportunity to settle the dispute"). It is not a limitation on the power of the EEOC to act within 60 days, especially when, as here, the plaintiffs asked the EEOC to do so.

Plaintiffs also contend that issuance of a notice prior to the expiration of the conciliation period should not preclude a charging party from subsequently amending the charge. This argument fails because the EEOC regulations provide that once a notice of right-to-sue has been issued, further proceedings are terminated, including the possibility to amend. *See* 29 C.F.R. § 1601.28(a)(3) ("Issuance of a notice of right to sue shall terminate further proceeding of any charge. . . .").

Finally, Plaintiffs contend that Defendant should be estopped from asserting the statute of limitations because in a prior action, Defendant had successfully moved to dismiss Plaintiff Freese's suit by demanding its right to the 60–day conciliation period. There is no inconsistency in Defendant's position that in the first action

---

\* The Honorable Valerie Baker Fairbank, United States District Judge for the Central District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

plaintiffs filed too early and in the second they filed too late. *See United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (explaining that judicial estoppel is only appropriate where "a party's later position is 'clearly inconsistent' with its original position"). Plaintiffs could have asked that the earlier suit be stayed pending expiration of the 60 days, or invoked equitable tolling principles to toll the statute of limitation. Plaintiffs did neither. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir.1993) (holding that the plaintiff bears the burden of alleging facts which give rise to tolling).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.